

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID PICRAY, | No. 14-35147 |
| Plaintiff - Appellee, | D.C. No. 6:12-cv-00944-MC |
| v. | |
| CHRISTOPHER DUFFITT and GREG RIDLER, | MEMORANDUM[*] |
| Defendants - Appellants, | |
| and | |
| BENTON COUNTY, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Argued and Submitted April 8, 2016
University of Oregon, Eugene, Oregon

Before: GOODWIN, O'SCANNLAIN, and LEAVY, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Benton County Sheriff's Deputy Christopher Duffitt and Captain Greg Ridler appeal from the district court's order on summary judgment denying their motion for qualified immunity. David Picray brought this action under 42 U.S.C. § 1983, contending that defendants arrested him and subsequently searched his home in retaliation for his protected speech. We have jurisdiction under 28 U.S.C. § 1291. *See Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985) (an order denying qualified immunity is appealable under § 1291 notwithstanding the absence of a final judgment). We review de novo. *Wilkins v. City of Oakland*, 350 F.3d 949, 954 (9th Cir. 2003). We reverse the district court's denial of qualified immunity and remand for further proceedings.

The purported right to be free from a retaliatory arrest that is otherwise supported by probable cause was not clearly established in this circuit at the time of Picray's arrest. *See Reichle v. Howards*, 132 S. Ct. 2088, 2093 (2012) ("Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct."). In *Hartman v. Moore*, 547 U.S. 250, 265-66 (2006), the Supreme Court held that a plaintiff must plead and prove the absence of probable cause to support a claim for retaliatory prosecution. At the time of Picray's arrest in 2010, however, our case law was far from clear

about *Hartman*'s application in the context of retaliatory arrest claims.  *Compare*

*Beck v. City of Upland*, 527 F.3d 853, 863-64 (9th Cir. 2008) (stating that under

*Hartman*, a plaintiff must prove the absence of probable cause to prevail on a claim

for retaliatory arrest or prosecution), *with Dietrich v. John Ascuaga's Nugget*, 548

F.3d 892, 901 (9th Cir. 2008) (stating that the existence of probable cause is "not

dispositive" in a retaliatory arrest claim); *see also Reichle*, 132 S. Ct. at 2096-97

(noting that *Hartman* "injected uncertainty into the law governing retaliatory

arrests, particularly in light of . . . the close relationship between retaliatory arrest

and prosecution claims").[1]  Given that uncertainty, we cannot conclude that the law

was clearly established for purposes of qualified immunity.

Viewing the facts in the light most favorable to Picray, *see Wilkins*, 350 F.3d

at 954, defendants had probable cause to arrest Picray for Recklessly Endangering

Another Person and Reckless Driving.  *See* Or. Rev. Stat. §§ 163.195 (Recklessly

Endangering Another Person), 811.140 (Reckless Driving).  In addition to the

evidence that the district court cited, Duffitt sought advice from an assistant district

---

[1]We note that we held in *Ford v. City of Yakima*, 706 F.3d 1188, 1196 (9th Cir. 2013), that *Skoog v. County of Clackamas*, 469 F.3d 1221, 1233-35 (9th Cir. 2006), established that police action motivated by retaliatory animus is unlawful even where probable cause exists.  However, *Skoog* concerned only a retaliatory search, and the arrest at issue in *Ford* took place in 2007, before either *Beck* or *Dietrich* was decided.

attorney before making the arrest, supporting an inference that he acted in good faith. *See Ewing v. City of Stockton*, 588 F.3d 1218, 1231 (9th Cir. 2009) (observing that although "an officer's consultation with a prosecutor is not conclusive[,] . . . it is evidence of good faith" that may "tip[] the scale in favor of qualified immunity").

Defendants also are entitled to qualified immunity for their search of Picray's home. Under the clearly established prong of qualified immunity, "[t]he dispositive question is 'whether the violative nature of *particular* conduct is clearly established.'" *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011)). Unlike the search at issue in *Skoog v. County of Clackamas*, 469 F.3d at 1231, probable cause strongly supported the search since the items sought could have contained direct documentary evidence of Picray's alleged crimes. And defendants' "previous negative interactions" with Picray create only a "weak inference" of retaliation, insufficient to sustain his claim. *See Dietrich*, 548 F.3d at 901. We therefore reverse the district court's denial of qualified immunity.

**REVERSED and REMANDED.**